## Higgins *v.* Ostrander, Appellant.

*Contracts—Contract for legal services—Partial payment—Balance due—Evidence—New trial—Remittitur.*

Where in an action to recover for legal services the plaintiff showed that defendant had agreed to pay him a specified sum and it appeared that the plaintiff had received a certain amount on account, prima facie the plaintiff was entitled to recover only the difference, and if there was any reason why he was entitled to recover more, the burden was upon him to prove that fact by competent evidence, and on his failure to show that any of the sum so received was not on account of the fee, or that he had performed other services for which he was entitled to charge, a verdict of the jury in excess of the difference between the stipulated fee and the amount of the payments will be set aside, and a new trial ordered, unless a remittitur is filed.

Argued Jan. 19, 1914. Appeal, No. 213, Jan. T., 1913, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1912, No. 142, on verdict for plaintiff in case of Myles Higgins and Frederick C. Simons, Trading as Higgins, Higgins & Simons, to the Use of

Myles Higgins, v. W. M. Ostrander, Incorporated, defendant, and Franklin Trust Company, garnishee. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Assumpsit for legal services. Before AUDENRIED, J. The opinion of the Supreme Court states the case.

Verdict for plaintiff for $3,263.77, and judgment thereon. Defendant appealed.

*Errors assigned* were certain portions of the charge, and in overruling defendant's motion for a new trial.

*G. Von Phul Jones,* for appellant.

*Thomas James Meagher,* for appellee.

OPINION BY MR. JUSTICE ELKIN, February 23, 1914:

On the question of the liability of appellant to pay the fee in controversy the jury decided in favor of plaintiff, and this must be accepted as an established fact by the verdict. Defendant denied liability to pay any part of the claim sued upon and set out in its affidavit of defense the grounds relied on to defeat a recovery. The main effort of counsel for appellant at the trial was to impress the jury that his client should not pay anything, while counsel on the other side successfully urged that the use-plaintiff was entitled to receive the balance due on the $6,000.00 fee. Because of the emphasis placed by both sides on the main question in the case, the exact balance due was not as accurately calculated as it should have been in arriving at a proper verdict. The burden was on plaintiff to make out a prima facie case showing the exact amount due under his statement of claim, and to say the least this burden was very indifferently borne. He kept no books and had no memoranda showing amounts paid him from time to time and therefore had of necessity to rely very largely on the testi-

mony of his adversary. This being the situation we must accept the testimony of appellant as the basis of calculation in determining the balance due on the fee which is the subject matter of this controversy. The checks offered in evidence show that $3,700.00 was paid either to the use-plaintiff direct or to the firm associated with him in earning the fee. This leaves a balance of $2,300.00 due and not paid. The evidence amounts to a demonstration of this fact, and if this was not the correct balance due under the contract, the burden was on the use-plaintiff to show that the checks were not payments on account of this fee, or that they were applied in some other way with consent of appellant, and this he failed to do. It is suggested that there were two items, one for $150.00 and the other for $300.00, not included in the claim for $6,000.00; and that the use-plaintiff was entitled to recover these sums in addition to the fee. It is doubtful whether under the pleadings such additional items could be claimed, but without reference to the right of plaintiff to set them up under the statement of claim, there was no sufficient evidence to sustain a recovery for these additional items. The plaintiff had no memoranda about these items, nor could he say definitely whether they were included in the statement furnished him by appellant and upon which he based his calculations as to the balance due him, or whether they were intended as credits of payments by defendant from time to time on account of the fee in controversy. This is not the kind of evidence required to make out a prima facie case. It is too vague, indefinite and uncertain to sustain these items of alleged indebtedness.

We are therefore constrained to hold that the verdict returned by the jury did not correctly find the balance due under the evidence, and this error can only be corrected by granting a new trial, or by the appellee agreeing to remit that part of the verdict in excess of the amount shown to be due under the undisputed testi-

mony. When the jury found in favor of plaintiff on the question of the liability of defendant to pay, it was a simple question of allowing the proper credits for payments on account as shown by the evidence. The evidence shows payments at different times by checks amounting to $3,700.00 and surely defendant is entitled to this credit. We will therefore make the following order.

Judgment reversed and a venire facias de novo awarded unless appellee shall, within ten days after this record is remitted, file a stipulation agreeing to remit $780.00 from the balance stated to be due in the verdict, less a proper deduction for interest by reason of the reduction of the verdict to $2,300.00, in which event the court below is directed to enter final judgment for the amount so ascertained.